IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JENNINE M. PRINCE,

       Defendant.

Criminal No. 12-061
ELECTRONICALLY FILED

## **MEMORANDUM ORDER RE: DEFENDANT'S MOTION TO DEFER RESTITUTION PAYMENTS (DOC. NO. 50)**

On January 13, 2012, Defendant was sentenced to 24 months imprisonment to be followed by three (3) years of supervised release at criminal case number 11-00097. Doc. No. 33. Restitution was ordered in the amount of $494,598.89. Id. On July 29, 2013, Defendant was sentenced to 15 months imprisonment for the conduct charged in criminal case number 12-00061, which consists of nine (9) months imprisonment at Count One of the Indictment and a consecutive six (6) months imprisonment for committing the offense while on Federal Pre-Trial Release. Doc. No. 49. Defendant's term of imprisonment will be followed by three (3) years of supervised release (to be served concurrently with her previously imposed term of supervised release at criminal case number 11-00097). Id. Defendant's sentence included restitution in the amount of $66,443.50, interest was waived on the restitution. Id.

Presently before the Court is Defendant's *pro se* Motion to Defer Restitution Payments (criminal case number 12-00061, Doc. No. 50) in which Defendant seeks to delay restitution payments until she is released from incarceration. Defendant's Motion will be denied as moot because the relief request has already been provided by the Court.

As included in Defendant's Judgment and Commitment Orders:

> . . . the Defendant shall make restitution payments from any wages she may earn in prison in accordance with the Bureau of Prisons' inmate Financial Responsibility Program through which 50 percent of the Defendant's prison salary shall be applied to the restitution. Any restitution balance that is not paid in full at the time of the Defendant's release from imprisonment shall become a condition of supervision.
> Defendant shall pay any remaining restitution balance in monthly installments of not less than 10 percent of her monthly gross income.

Doc. Nos. 33 and 50. Therefore, Defendant's restitution payments while she is incarcerated (50% of her prison salary) will not place a burden on her family because they solely consist of her prison salary. As Defendant indicates she is willing to do, once she is released from incarceration and begins employment, she will pay the remaining restitution balance in monthly payments.

The Court contacted Defendant's Probation Officer, Christopher Thompson, who indicated he was willing to speak to Defendant's family members if they remained concerned about Defendant's restitution. Mr. Thompson may be contacted by phone at 412-395-6907.

AND NOW, this 6th day of September, 2013, IT IS HEREBY ORDERED THAT Defendant's pro se Motion to Defer Restitution Payments (Doc. No. 50) is **DENIED AS MOOT**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

Jennine Prince
32910068, A2
FPC Alderson
Post Office Box A
Alderson, WV 24910